CROWN CAN COMPANY, PROSECUTOR, v. THE DIVISION OF TAX APPEALS OF THE DEPARTMENT OF TAXATION AND FINANCE ET AL., DEFENDANTS.

Submitted January 21, 1947—Decided May 7, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the prosecutor, *Stephen P. Piga.*

For the defendants, *Charles A. Rooney* and *John J. Meehan.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up a determination of the Division of Tax Appeals of the Department of Taxation and Finance reversing a determination of the Hudson County Board of Taxation, and reinstating an assessment upon personal property of the prosecutor located in the taxing district of Jersey City upon the assessment date of October 1st, 1943. Prosecutor contends that the property in question was exempt from taxation under the statutory provision respecting personal property located in a public warehouse for hire, *R. S.* 54:4–3.20.

This section of the Tax Act provides, "All personal property stored in a warehouse of any person, co-partnership or corporation engaged in the business of storing goods for hire shall be exempt from taxation."

The facts, as we find them from the evidence presented to the Division of Tax Appeals, are that prosecutor, Crown Can Company, is engaged in the manufacture of cans and metal containers in the City of Philadelphia. The can company has no place of business in the State of New Jersey and is not authorized to engage in business in this state. Deliveries are made to customers in the northern part of New Jersey through the facilities of Dabar Haulage Company, an independent corporation, having no connection either through ownership or management with the prosecutor, Can Company. Dabar Haulage Company is engaged in the business of receiving shipments of merchandise and containers in large quantities from the prosecutor and other patrons, and of delivering them to customers in New Jersey for prosecutors and these other patrons. For the purpose of timing delivery to suit these respective patrons, the Haulage Company maintains in New Jersey a warehouse which it leases and which it uses to store the goods of its various patrons, including the prosecutor, until such time as delivery is to be made. The uncontradicted testimony of the president of the Dabar Company was to the effect that his company was engaged in the business of transportation of merchandise for Crown Can Company and others, and warehousing of their property in Jersey City; that the building in which the assessed personal property was located on the taxing date was used for warehouse purposes on that date; that such service was provided to the Can Company for hire; that there was such merchandise in the building continually, "moving and coming all the time;" that deliveries to customers of the Can Company were made pursuant to instructions from that company and that, pending such deliveries, the goods were held and stored by Dabar.

The written contract between the Can Company and Dabar Company, marked in evidence *TP-2*, provides both for the transportation and warehousing of the manufactured product of Can Company, and contains a provision that, "Where mer-

chandise is not consigned and where storage and warehouse is required, a further additional charge of 10 cents per 100 lbs." shall be paid by the Can Company. This contract also provides for the payment of a monthly charge of $75 by Can Company for the use of 10,000 square feet of warehouse space, and for the payment of a like sum for an additional 10,000 square feet, if the Can Company has need of it.

The testimony establishes that there are no employees of the Can Company on duty at the Dabar warehouse (except for a semi-annual inventory); that the goods are placed in the warehouse by employees of Dabar; and that they are removed therefrom and delivered by such employees.

In this situation we think the provisions of the above quoted statute are applicable. This statute has been held to be constitutional, *Schwartz* v. *Essex County Board of Taxation,* 129 *N. J. Law* 129, and has been applied in other cases, *Halligan & McLellan, Inc.,* v. *State Board,* 122 *Id.* 551; *Pattison & Bowns, Inc.,* v. *Saddle River Township,* 129 *Id.* 135.

The defendant city contends that the prosecutor has lost the right to exemption because of failure to comply with *R. S.* 54:4–15 (since repealed) in that no sworn claim for exemption was made setting out a detailed list of the property claimed to be exempt. In this case no demand was made by the assessing authority upon the taxpayer for a return of its personal property. We think that where, as here, the right to exemption is absolute, as in *MacPherson* v. *State Board,* 127 *N. J. L.* 599, the section relied upon has no application.

The determination of the Division of Tax Appeals will be reversed, and the assessment set aside.